# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.

SUPERIOR COURT
CIVIL ACTION NO. 25 564

HAMPDEN COUNTY
SUPERIOR COURT
FILED
AUG 1 2 2025

CLERK OF COURTS

**Plaintiff:** Jason Vazquez
403 caveew st SPfd, MA
01104

vs.

**Defendant:** City of west springfield, west springfield police department defendants, officer Eric Johnson individualy and in his official capacity as a police officer of the west SPfd police department

### COMPLAINT

malicious Procecution, Negligence, vidation of civil rights and intentional infliction of Emotional distress.

Jason Vazquez
413-657-8684
VazquezJason527@gmail.com

3

## Massachusetts Trial Court - Superior Court
## COUNTY: Hampden Superior Court (Springfield)

Plaintiff: Jason Vazquez

Address: 403 Carew Street, Springfield, MA 01104

Defendant(s): City of West Springfield; West Springfield Police Department; Officer Eric Johnson

Defendant Address: [To be determined for City Hall / Police Department]

TYPE OF ACTION CODE NO.: AB1

TYPE OF ACTION: Tort claims – malicious prosecution, negligence, civil rights violations, emotional distress

TRACK: A

HAS A JURY CLAIM BEEN MADE?  YES

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, §3A

TOTAL hospital/medical expenses to date: $0.00

TOTAL lost wages to date: $0.00

TOTAL other expenses: $0.00

TOTAL anticipated future damages: $0.00

TOTAL DAMAGES CLAIMED: $2,000,000.00

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I certify that I have complied with Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution.

Date: August 08, 2025

Signature: _____ (Jason Vazquez)

COMMONWEALTH OF MASSACHUSETTS
HAMPDEN COUNTY SUPERIOR COURT

Jason Vazquez
403 Carew Street
Springfield, MA 01104
Phone: 413-657-8684
Email: Vazquezjason527@gmail.com
Plaintiff,

v.

City of West Springfield,
West Springfield Police Department,
Officer Eric Johnson, individually and in his official capacity as a police officer of the West Springfield Police Department,
John/Jane Does 1–10,
Defendants.

Civil Action No.: [To be assigned]

COMPLAINT FOR MALICIOUS PROSECUTION, NEGLIGENCE, VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983),
AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

I. JURISDICTION AND VENUE
1. This Court has jurisdiction over this matter pursuant to G.L. c. 212, § 4, as the amount in controversy exceeds $25,000.
2. Venue is proper in Hampden County because the events giving rise to this action occurred in West Springfield, MA.

II. PARTIES
3. Plaintiff Jason Vazquez is an individual residing at 403 Carew Street, Springfield, MA 01104.
4. Defendant City of West Springfield is a Massachusetts municipality.
5. Defendant West Springfield Police Department is the municipal law enforcement agency of the City of West Springfield.
6. Defendant Officer Eric Johnson is and was at all relevant times a sworn police officer employed by the West Springfield Police Department.
He is sued in his individual capacity for actions taken outside the scope of lawful authority, and in his official capacity as an agent of the City of West Springfield.
7. Defendants John/Jane Does 1–10 are unknown officers or municipal employees whose identities are currently unknown to Plaintiff, who participated in or directed the conduct described herein.

III. FACTUAL ALLEGATIONS

Family Court Proceedings and Appointment of Counsel
8. On May 9, 2024, in the Hampden Probate & Family Court matter Jason Vazquez v. Crystal Maldonado, Docket No. 23W0711, Judge Barbara Hyland issued an Appointment of Counsel order for Plaintiff's minor child under the Children's Law Project, appointing Attorney Dawn McNamara.

9. This appointment confirms that the case was under active court supervision and subject to specific court orders concerning custody, parenting time, and communication.
10. These court orders governed Plaintiff's conduct, including how and when he could communicate with the other party, and established AppClose as the sole approved method of communication.

Incident #1 – AppClose Parenting Communication Case
11. On June 27, 2024, the Hampden Probate and Family Court reaffirmed the court order requiring the use of the parenting application AppClose for the sole purpose of communication regarding the Plaintiff's minor son, including but not limited to scheduling and confirming court-ordered child exchanges.
12. Plaintiff complied fully with this order and used AppClose exclusively for parenting-related communication concerning his son.
13. On or about July 9, 2024, despite Plaintiff's complete compliance, Defendant Officer Eric Johnson, acting under color of law and in his capacity as a West Springfield Police Officer, accepted and acted upon a report from Crystal Maldonado alleging that Plaintiff violated a 209A restraining order.
14. The alleged violation was based solely on lawful AppClose communications that were expressly authorized and required by the court order.
15. Defendant Officer Johnson prepared a police narrative and applied for a criminal complaint and warrant against Plaintiff for alleged violation of a 209A abuse prevention order, without probable cause and in direct contradiction to the court's orders in effect at the time.

Incident #2 – Exchange Location Mishandling Case
16. The June 27, 2024 court order also required all in-person child exchanges between Plaintiff and the third party to occur exclusively at the West Springfield Police Department.
17. On a separate occasion, the third party attempted to change the court-ordered exchange location, allegedly at the direction of West Springfield Police officers, including Defendant Officer Johnson.
18. This instruction conflicted with the clear terms of the court order and placed Plaintiff at risk of violating the 209A restraining order through no fault of his own.
19. Plaintiff complied with the court order and remained at the designated location, yet the police involvement created unnecessary risk, stress, and confusion.

Pattern of Misconduct
20. These incidents are not isolated mistakes but part of a pattern in which West Springfield Police officers, including Defendant Officer Johnson and other unknown officers, acted with disregard for binding court orders, overstepped lawful authority, and targeted Plaintiff without legal justification.
21. The conduct displayed deliberate indifference to Plaintiff's constitutional rights, causing profound harm to his liberty, reputation, and mental health.

IV. CAUSES OF ACTION

COUNT I – Malicious Prosecution
22. Defendants initiated criminal proceedings against Plaintiff without probable cause in connection with Incident #1, resulting in harm to Plaintiff.

COUNT II – Negligence
23. Defendants breached their duty of care by failing to review and follow the court orders in both incidents before pursuing charges or giving instructions, thereby causing foreseeable harm to

Plaintiff.

COUNT III – Violation of Civil Rights (42 U.S.C. § 1983)
24. Defendants, acting under color of law, violated Plaintiff's rights under the Fourth and Fourteenth Amendments by initiating criminal proceedings without probable cause and interfering with lawful custody exchanges.
25. Defendants are liable in their individual capacities for personal actions that deprived Plaintiff of constitutional rights. The City of West Springfield and West Springfield Police Department are liable in their official capacities under Monell v. Department of Social Services for policies, customs, or failure to train/supervise that caused the violations.

COUNT IV – Intentional Infliction of Emotional Distress
26. Defendants' conduct in both incidents was extreme, outrageous, and intended—or carried out with reckless disregard—to cause Plaintiff severe emotional distress.

V. DAMAGES
27. As a direct and proximate result of Defendants' misconduct, Plaintiff has suffered severe emotional distress, reputational harm, legal costs, loss of liberty, and other damages.

VI. RELIEF REQUESTED
Plaintiff seeks:
A. Compensatory damages in the amount of $1,000,000.
B. Punitive damages in the amount of $1,000,000 against the individual Defendants as allowed by law.
C. Attorney's fees and court costs.
D. Any other relief deemed just and proper.

VII. DEMAND FOR JURY TRIAL
Plaintiff demands a trial by jury on all issues so triable.

VIII. VERIFICATION
I, Jason Vazquez, verify under the penalties of perjury that the facts set forth in this Complaint are true and correct to the best of my knowledge.

Respectfully submitted,

*Jason Vazquez* (signature)
Jason Vazquez
403 Carew Street
Springfield, MA 01104
Phone: 413-657-8684
Email: Vazquezjason527@gmail.com
Dated: August 08, 2025